UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| DIRECTORY ASSISTANTS, INC | : | |
| | : | |
| v. | : | CIV. NO. 03:07CV1801 (WWE) |
| | : | |
| ANTHONY L. ALBANO d/b/a | : | |
| YELLOW PAGE ADVISORS | : | |
| | : | |

RULING: PLAINTIFF'S MOTION TO COMPEL [DOC. #22]

Pending is Plaintiff's Motion to Compel [Doc. #22]. The Court heard argument on December 11, 2008, and after careful consideration **GRANTS** the motion.

Background

This action arises out of plaintiff's belief that defendant violated a confidentiality and non-compete agreement ("Agreement") dated May 8, 2001, in which the defendant agreed that for a period of two years following his employment with Directory Assistants Incorporated, he would not provide competing services in a number of enumerated states.[1]  It is undisputed that the two year period expired on December 6, 2007.

Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

---

[1] The states include: Connecticut, New York, New Jersey, Massachusetts, Rhode Island, New Hampshire, Vermont, Pennsylvania and Maine.

1

party. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. *See* <u>Daval Steel Prods. V. M/V Fakredine</u>, 951 F.2d 1357, 1367 (2d Cir. 1991); <u>Morse/Diesel, Inc. Fidelity & Deposit Co.</u>, 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

<u>Discovery at Issue</u>

<u>Interrogatory No. 5.</u> asks,

> State whether you have directly or indirectly provided after your employment with DAI advertising consulting services for any person, firm, or entity in any of the following states: Connecticut, New York, New Jersey, Massachusetts, Rhode Island, New Hampshire, Vermont, Pennsylvania and Maine. If yes, identify:
>
> a.  the time period that such services were provided;
> b.  the contracts entered into before providing such services;
> c.  the potential clients that you solicited but never entered into any formal agreement with;
> d.  payments due or received after providing such services;
> e.  the timer period that you ceased providing such services; and
> f.  the forms, procedures, systems and advertising materials used to conduct business.

<u>Request No. 3</u> seeks,

> Produce all documents that identify all your sources of income, including all places of employment, from 2000 to present.

Plaintiff argues that this information is necessary to establish whether the defendant solicited customers in the

prohibited states within the prohibited time frame.  Defendant objects on the grounds that it is not relevant to the cause of action the plaintiff has pled and is intended to interfere with the defendant's business pursuits.[2]  Defendant has stated under oath in his discovery responses that no such solicitation occurred.

Defendant is ordered to answer Interrogatory No. 5 and produce the responsive documents to Request No. 3 pursuant to a protective order designating these documents "attorneys' eyes only."

Compliance with discovery ordered by the Court shall be made within ten (10) days of the filing of this ruling and order. D. Conn. L. Civ. R. 37 (a)(5).

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 23rd day of January 2009.

\_\_\_\_/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant has provided all information and documents generated prior to that date, but objects to providing anything generated after December 6, 2007.